391 So.2d 1147 (1980)
STATE of Louisiana
v.
Alvin Lee DAY.
No. 67359.
Supreme Court of Louisiana.
December 15, 1980.
M. Michele Fournet, Asst. Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
LEMMON, Justice.
In this appeal from a conviction of aggravated burglary and attempted simple rape the principal issue involves defendant's right to testify on the voluntariness of his confession without being subjected to cross-examination *1148 on the entire case. Also at issue are the sufficiency of the evidence and the excessiveness of the sentence.

I.
The elderly female victim in this case was awakened in the early morning hours by a loud noise and saw a figure standing in her bedroom doorway. The intruder struck her on the head and continued to beat her until she lapsed into intermittent periods of unconsciousness. At one point she regained consciousness and found that her pajama bottoms had been removed. The intruder demanded to know where her money and valuables were, telling her he would kill her unless she revealed their location. Her assailant at some point during the attack also made a statement to the effect that he was going to impregnate her.
When the victim regained consciousness, she was rushed to the hospital, complaining of severe pelvic pain and stating she had been raped. Both her eyeballs were ruptured by the severity of the blows to her face, and she is now permanently blind.
The officer who initially responded to the call for help testified that the victim was covered with bruises and blood. He found her bed saturated with blood.
Approximately three weeks after the offense an acquaintance of the defendant gave police information implicating him in the crime. Officers procured a warrant to search defendant's house and discovered several items of jewelry which had been stolen from the victim's residence. Defendant was arrested and subsequently admitted the burglary of the victim's residence. However, he denied the severe beating, telling officers that the victim assaulted him after he entered her house and that he struck her with his fist because he feared that she was armed. Defendant also denied raping the victim, but admitted he had placed his finger in her vagina.
Charged with aggravated burglary and attempted aggravated rape, defendant was convicted of aggravated burglary and attempted simple rape. The trial judge imposed consecutive sentences of 30 years imprisonment at hard labor (aggravated burglary), and 12½ years imprisonment at hard labor (attempted simple rape).

II.
Defendant's principal assignment of error concerns his request to testify before the jury, regarding the free and voluntary nature of his confession, without being cross-examined concerning other aspects of the case. His request was denied, and he did not testify before the jury.[1]
Defendant essentially contends that the so-called "narrow rule" of cross-examination is constitutionally mandated when the accused takes the stand on his own behalf to testify concerning the conditions surrounding his confession, arguing that the subject matter of cross-examination cannot exceed the scope of direct examination (except as to matters affecting credibility). See Federal Rules of Evidence 611(b). He further claims that the Louisiana statutory rules of cross-examination on "the whole case" deny him the right to a fair trial, inasmuch as due process requires that he be given an opportunity to testify before the jury as to his confession without waiving his privilege against self-incrimination and exposing himself to the truth-testing crucible of cross-examination on the whole case.
Louisiana's statutory provisions require the defendant to waive his privilege against self-incrimination as to the "whole case" and not merely as to the subject matter of his direct testimony. R.S. 15:280; C.Cr.P. art. 703. The issue presented is whether this statutory scheme infringes upon defendant's privilege against self-incrimination and his right to a fair trial.
The issue of limited cross-examination has gone through various stages of development *1149 in Louisiana. Prior to 1928, an accused who testified waived his right against self-incrimination only as to the matters about which he testified on direct examination and as to matters properly affecting his credibility. See State v. Bellard, 132 La. 491, 61 So. 537 (1913). This approach was changed by the Code of Criminal Procedure in 1928, which provided that any witness, including the accused, who voluntarily took the stand could be cross-examined upon the whole case. See R.S. 15:280 and R.S. 15:462.
Until State v. Lovett, 345 So.2d 1139 (La. 1977), Louisiana courts construed these statutes to preclude an accused from taking the stand in the presence of the jury for the limited purpose of testifying as to the voluntariness of his confession without subjecting himself to cross-examination on the whole case. State v. Sears, 298 So.2d 814 (La.1974); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Goins, 232 La. 238, 94 So.2d 244 (1957). In State v. Lovett, above, this court reconstrued the relevant statutes to reach a contrary result:
"Upon consideration, we have determined that, for the same reasons that an accused is so permitted to testify in the judge-hearing, he should be permitted at the jury trial for the jury's determination as to the weight of a confession, to take the stand for the limited purpose of testifying as to the voluntariness and validity of the confession sought to be introduced. If he does so, he is not subject to cross-examination on the case as a whole, but only as to the validity of the confession. He may also, of course, be cross-examined as to his credibility, including by impeaching him on the basis of prior convictions.
"If an accused cannot do so without waiving his constitutional self-incrimination rights as to guilt or innocence, he must abandon his statutory right to have the jury consider any lesser weight it should give to the confession due to the circumstances under which it was confected. If an accused cannot do so, his evidence as to the weight of the confession (which the jury is entitled to hear) cannot be given unless the accused subjects himself to cross-examination on merit-issues irrelevant to the validity of the confession and which infringe upon his constitutional right not to incriminate himself.
"As a matter of (at the least) statutory interpretation, a statutory right to have the jury hear evidence going to the weight of a confession should not reasonably be conditioned upon requiring an accused to sacrifice his constitutional rights in order to exercise the right so given.
"Preferably, the defense evidence as to involuntariness (or at least the accused's testimony there as to) should be permitted to be introduced contemporaneously with the state's predicate providing voluntariness of the confession. The issue thus segregated is more readily presented to the jury for its determination of the contents of the confession and the weight to be given to it." 345 So.2d at 1142-1143
Though affording the defendant in Lovett this selective waiver of the Fifth Amendment, this court nevertheless declined to hold that constitutional rights were abridged by the procedure previously employed, stating:
"We are unwilling to hold that the accused's constitutional rights have been infringed by the practice previously followed. Although some commentators have noted constitutional questions may arise by requiring an accused to waive his constitutional rights against self-incrimination when he takes the stand to testify as to a limited issue, see, e. g., Pugh, 32 La.L.Rev. 345-46 (1972), no authority we have discovered has so held." 345 So.2d at 1143.
During the session immediately following Lovett, the Legislature amended C.Cr.P. 703(B) to provide as follows:
"A ruling prior to trial on the merits, upon a motion to suppress a confession or inculpatory statement, is binding at the trial on the merits. However a failure to *1150 file prior to the trial on the merits a motion to suppress a confession or inculpatory statement does not prevent the defendant from objecting to the admissibility thereof at the trial on the merits, and a ruling made adversely to the defendant prior to the trial on the merits upon a motion to suppress a confession or inculpatory statement does not prevent the defendant from introducing evidence during the trial concerning the circumstances surrounding the making of a confession or inculpatory statement for the purpose of enabling the jury to determine the weight to be given to it. However, if a defendant becomes a witness at the trial on the merits, he shall be subject to cross examination on the whole case." (Emphasis supplied.)
Thus, the Legislature clearly denied defendant the right he seeks to invoke in this case.[2] Unless the legislative act is unconstitutional, we must defer to the clear and recent expression of the Legislature, which has apparently intended to overrule the Lovett decision.
We do not find unconstitutional the statute which exposes defendant, testifying before the jury on the question of his guilt or innocence, to cross-examination on all matters relevant to the case being tried. As the Lovett decision noted, we have been shown no authority mandating a contrary result.[3] And we have not been persuaded that a "narrow rule" of cross-examination for the accused is dictated by fundamental fairness, even when he only claims this special dispensation in connection with testifying as to the voluntariness of a confession (and hence its weight in assessing guilt or innocence). Logically, if such a restrictive rule is constitutionally mandated, it should apply to cross-examination on any matters not within the scope of the defendant's testimony on direct examination.[4]
We can find nothing in the Louisiana Constitution which requires us to reject the long-standing legislative and jurisprudential policy. Nor can we find in the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment a justification for declaring unconstitutional the recent expression of legislative will.

III.
Defendant also contends that the evidence is insufficient to support his conviction for attempted simple rape.[5] We disagree. The verdict was both legislatively and factually responsive to the offense charged. See C.Cr.P. art. 814 and State v. Miller, 237 La. 266, 111 So.2d 108 (1959). Compare State v. Peterson, 290 So.2d 307 (La.1974), with State v. Booker, 385 So.2d 1186 (La.1980).
The evidence presented here was sufficient for a reasonable juror to conclude beyond a reasonable doubt that defendant had a specific intent to rape the victim and did an act tending directly toward the accomplishment of his object. See State v. Byrd, 385 So.2d 248 (La.1980). Under the attempt statute, R.S. 14:27, it is immaterial *1151 whether the defendant actually committed the offense he is charged with attempting to commit.
The prosecution proved that defendant beat the victim senseless; that defendant told the victim that he was going to impregnate her; that she found her pajama bottoms missing when she regained consciousness; and that she experienced severe pain in the pelvic region. Additionally, there was evidence of defendant's admission that he placed his finger in the victim's vagina.[6]
We find that the evidence supports the conviction for the crime of attempted simple rape.[7] See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

IV.
Defendant contends that the consecutive sentences totaling 42½ years imprisonment at hard labor constitute an excessive sentence under La.Const. art. 1, § 20 (1974). See State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). He also contends that the trial court failed to articulate sufficiently his reasons for imposing the apparently severe sentences. See C.Cr.P. art. 894.1 and State v. Jones, 381 So.2d 416 (La.1980).
While the facts in the record clearly support the consecutive sentences imposed, it is also clear that the trial court merely recited the language of C.Cr.P. art. 894.1 in imposing sentence. However, there seems little justification for a remand for resentencing when the record so plainly supports the sentence imposed. In the interest of judicial economy, we decline to remand to require the trial court to restate for the record matters which are already apparent from the record.
The guidelines statute was designed to guide and assist trial courts in the exercise of their sentencing discretion, as well as to assist this court in reviewing the exercise of that discretion. When this court is unable to discern the basis upon which a sentence is imposed, and hence cannot determine its appropriateness in view of the circumstances of the offense and the character of the offender, we remand for compliance. See State v. Jones, above; State v. Little, 377 So.2d 332 (La.1979). Nevertheless, in the Jones case we did not remand for compliance with the guidelines statute, since the sentence was not apparently severe. Since the record clearly supported the sentence that was in the lower range of discretion, no need for remand was perceived. Similarly in this case the record plainly supports the 42½ year sentence, although this was composed of consecutive sentences with the maximum for each offense.[8]
Despite the offender's youth (19 years old) and lack of significant criminal history, this sort of senseless, brutal crime against a relatively helpless 72-year old female in the sanctuary of her own home during the night presents a horrifying spectacle and merits a penalty as severe as the one imposed in this case. The ferocity of the defendant's assault supports the conclusion that he pitilessly sought to inflict blindness on his victim so that she would not identify him, even if she survived the attack. Then he cruelly assaulted her sexually while she was in the maimed condition and left her unconscious.
Defendant's actions reflect a depraved indifference to human life and to the suffering of fellow human beings. His only concern was for the satisfaction of his own greed and appetite for lust and violence. Such behavior merits the severest condemnation, *1152 and his youth and lack of prior convictions do not compensate for, make more understandable or in any way mitigate in favor of a lesser sentence. We therefore affirm the consecutive, maximum sentences on the record presented.
The other assignments of error do not present reversible error and require only the application of well settled principles of law, and are therefore treated in the attached unpublished appendix.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] He did testify concerning the free and voluntary nature of his confession at the hearing on the motion to suppress. He alleged that his confession was the product of coercion and promises. The judge denied his motion and, for reasons set forth in an unpublished appendix, we affirm that ruling as well.
[2] The Legislature apparently determined that a defendant's right to challenge the admissibility of statements taken from him is adequately protected by allowing him to testify out of the presence of the jury on the facts surrounding the giving of his confession without being subject to cross-examination on the whole case. His right to testify in such manner in connection with the admissibility of the confession is well established in our law. See C.Cr.P. art. 703; State v. Thomas, 208 La. 548, 23 So.2d 212 (1943). Compare Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
[3] Calloway v. Wainwright, 409 F.2d 59 (5th Cir. 1969), relied upon by the defendant, is inapposite and clearly distinguishable from the situation presented here because defendant in Calloway had a right under Florida law to testify before the jury on the question of the voluntariness of the confession alone.
[4] Compare Tucker v. United States, 5 F.2d 818 (8th Cir. 1925) with Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943). Wigmore criticized the restrictive rule of cross-examination, even as to the defendant in a criminal case. See 6 Wigmore, Evidence § 1890, note 2; 8 Wigmore, Evidence, § 2276.
[5] This issue was properly presented by a motion for a new trial. See State v. Hudson, 373 So.2d 1294 (La.1979).
[6] According to the surgeon, no police examination was conducted because immediate eye surgery was necessary to attempt to save the victim's sight.
[7] Defendant did not challenge the sufficiency of evidence to support his aggravated burglary conviction.
[8] This case is nothing like State v. Cox, above, in which a barroom brawl resulted in the armed robbery and attempted murder of the victim. In Cox, the victim, although severely injured, was a male; there was no gross discrepancy in the age of the victim and the assailant; there was no nighttime invasion of a home; there was no prolonged, pitiless beating as was inflicted here; and there was an indication of the possibility of provocation by the victim.