SEXTON, Judge.
The defendant, Raymond G. Pringle, a/k/a Raymond G. Thomas, was 16 years old at the time of the instant offenses. The defendant was charged by bill of information with Aggravated Burglary in violation of LSA-R.S. 14:60 and with Attempted Aggravated Rape in violation of LSA-R.S. 14:42 and 14:27. The nature of these offenses permit the defendant to be charged and prosecuted as an adult (LSA-R.S. 13:1571.1). Pursuant to negotiations between the defendant’s appointed counsel and the State of Louisiana, the defendant pled guilty to Aggravated Burglary with the understanding that the defendant would receive a sentence between twenty and twenty-five years at hard labor of a maximum imposable thirty years at hard labor under LSA-R.S. 14:60. The remaining attempted aggravated rape charge was to be dropped. After receiving a twenty-four year hard labor sentence the defendant appealed claiming excessiveness of sentence. Finding no abuse of discretion in the trial court’s imposition of this twenty-four year hard labor sentence, the defendant’s sentence is affirmed.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest-abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The arrest and prosecution of the defendant arose from the following factual incident. Shortly after midnight on August 15, 1983, an 83 year old resident of the town of Ida, Louisiana was awakened by the sounds of someone making a forced entry into her residence. She obtained a .32 caliber revolver from beneath her pillow but her assailant, the defendant, beat her and obtained the pistol from her. The defendant then attempted to remove the underclothing of this female victim but was unable to do so. The defendant was arrested shortly thereafter for a separate offense of criminal trespass. Fingerprints obtained from the firearm taken from the female victim matched those of the defendant. Hair samples removed from the bed of the victim were determined to have sim-iliar characteristics to those of the defendant. The victim was hospitalized briefly for the injuries to her face. After consulting with his attorney and his father, this defendant entered a plea of guilty with a range of sentencing stipulated.
In spite of the limited articulation of sentencing considerations in this matter, we find adequate compliance with LSA-C. Cr.P. Art. 894.1 such that remand for re-sentencing is unnecessary. Both the facts of the instant offense and the pre-sentence *78 investigation taken together with the remarks of the trial court in sentencing are sufficient to illumine the sentencing considerations of the trial court judge. The Court obviously considered the youth of the defendant at the time of the commission of this offense as a mitigating factor. The Court also apparently considered that considerable leniency had been granted the defendant as a result of the plea bargain entered into between the defendant and the State of Louisiana. The trial court had previously agreed to limit his sentence to a range between twenty and twenty-five years at hard labor. The trial court assessed a penalty somewhat less than the maximum available penalty. While a twenty-four year hard labor sentence is certainly a severe one for a juvenile offender, the offense committed by the defendant was indeed serious also. This offense involved a physical attack and beating of an elderly female. The facts of that offense merit the imposition of a severe penalty. We do not find inadequate articulation of sentencing considerations in this record to merit remand for resentencing and find no error in the trial court's imposition of a twenty-four year hard labor sentence on this defendant. Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.