DUFRESNE, Judge.
The defendant, David Ellis, was found guilty of Aggravated Burglary (R.S. 14:60) and sentenced to imprisonment at hard labor for twenty-five (25) years.
On appeal the defendant has filed three assignments of error, however, numbers 1 and 2 were not briefed nor argued, thus are considered abandoned. See Uniform Rules Courts of Appeal, Rule 2-12.4 and State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984).
In assignment No. 3 the defendant contends that the trial court committed reversible error in sentencing him to a term of twenty-five (25) years in noncompliance with C.Cr.P. Art. 894.1. In particular, the defendant asserts that the sentence imposed is excessive.
The sentence here is within the limits established by the statute which was violated. R.S. 14:60 provides that “[wjhoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.”
At the sentence hearing the trial judge definitely considered the record of the defendant and hideous nature of the crime committed. At no time has the defendant pointed out any specific mitigating factors to be considered.
As indicated by the trial judge in his reasons for sentencing the defendant to 25 years at hard labor — “The court considers this one of the most dangerous and hideous crimes I have ever heard since I have been *58 on the bench, that you actually whipped an old man with a crowbar.”
We likewise consider the defendant’s crime a serious one and that the sentence imposed here is not excessive.
Accordingly, we find no merit to the defendant’s assignment of error and affirm his conviction and sentence.
AFFIRMED.