510 So.2d 1266 (1987)
STATE of Louisiana
v.
Anthony BUNCH.
No. KA-6417.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
Rehearing Denied August 28, 1987.
*1267 John H. Craft, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Defendant, Anthony Bunch, was charged by bill of information with the August 4, 1985 aggravated burglary of the home of John Hackett, a violation of La.R.S. 14:60.
On September 19, 1985, defendant pled not guilty.
Trial was held on October 23, 1985 and a twelve member jury found defendant guilty as charged.
On January 17, 1986, pursuant to La.R.S. 15:529.1, defendant was adjudicated a second offender. He was sentenced to sixty (60) years at hard labor with credit for time served, without good time and without benefit of probation, parole or suspension of sentence.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1) The evidence presented at trial was not sufficient to justify the verdict of guilty of aggravated burglary.
2) The court erred in sentencing defendant to an excessive sentence.

FACTS:
On August 4, 1985, at approximately 7:55 a.m., Harold Johnson, a/k/a "Pull", Seliva Bunch, Loretta Bunch and defendant went to the apartment of defendant's mother, Marjorie Bunch at 2019 Clio Street. Defendant's half-brother, Stanley Hines Bolton had arrived shortly before and was sitting on the front porch drinking a cup of coffee.
Bolton testified that Johnson, Seliva Bunch and Loretta Bunch remained outside as defendant went upstairs to Hackett's apartment ostensibly to use the telephone. Within minutes Johnson followed defendant up the stairs.
John Hackett, the ninety-three year old victim, testified that he allowed defendant into his apartment after he asked to use the telephone. Moments later, someone else pushed the door open. Defendant put the phone down, grabbed Hackett, placed a quilt over his head and beat him. Hackett begged for his life while the perpetrators ransacked his apartment.
Bolton testified that several minutes after defendant and Johnson went up to Hackett's apartment, he observed them hurriedly exit. They ran down the stairs where they were joined by Seliva and Loretta Bunch. All four then ran up the street. Hackett walked out onto his porch bleeding from the head and screaming that *1268 someone had "jumped on me" and "took my money and my gun".
Officer Ernest Cortez and Margaret Fairleigh answered the call. They found the victim standing in his doorway with a blood soaked towel on his head. His bed was covered with blood and his apartment was ransacked. Officer Cortez testified that $1300.00 in cash and a revolver were taken from the premises.

ASSIGNMENT OF ERROR 1:
Defendant asserts the evidence was insufficient to support the jury verdict. Specifically, he asserts the lack of proof of specific intent to commit a theft or felony. He argues that the circumstantial evidence is insufficient to justify the jury's verdict because the victim was unable to identify defendant as having committed the offense. Defendant urges that the testimony of the victim leaves open the reasonable hypothesis that Harold Johnson, the co-defendant, took advantage of defendant's legitimate entry into Hackett's apartment to commit the burglary and that defendant was unaware of Johnson's intentions. We disagree.
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
To support a conviction of aggravated burglary, the state must prove:
1) The unauthorized entering of an inhabited dwelling,
2) with the intent to commit a felony,
3) if the offender is armed with a dangerous weapon, or, after entering, arms himself with a dangerous weapon or,
4) commits a battery upon any person while in the dwelling. La.R.S. 14:60.
When circumstantial evidence is used, the elements of the crime charged must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438 reads:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
La.R.S. 15:438 is not a separate test from Jackson, supra, but rather is an evidentiary guideline to "facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt"; all evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984).

UNAUTHORIZED ENTRY
John Hackett testified that he let defendant enter his apartment because defendant requested use of the telephone; that moments later someone else pushed the door open and entered the apartment; that defendant then put the phone down, grabbed him, covered him with a quilt and along with the other assailant began to beat him.
La.R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Thus, the evidence of defendant's active involvement in the burglary [the subterfuge used to gain entry, covering the beating the victim and fleeing the scene] is sufficient evidence for the jury to have found him guilty as a principal, even though the victim allowed him entry to the apartment. State v. Daley, 463 So.2d 826 (La.App. 2nd Cir.1985). See also: State v. Augustine, 482 So.2d 150 (La.App. 4th Cir. 1986).

SPECIFIC INTENT:
La.R.S. 14:10 defines specific criminal intent as:

*1269 "Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act...."
Specific intent is a question of fact which may be inferred from the circumstances. La.R.S. 15:445; State v. Lockhart, 438 So.2d 1089 (La.1983); State v. Ricks, 428 So.2d 794 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982).
At the moment of entry, the defendant must have the requisite intent to commit a felony or theft. State v. Lockhart, supra; State v. Anderson, 343 So.2d 135 (La.1977); State v. Lewis, 288 So.2d 348 (La.1974).
In the instant case, the testimony at trial established what transpired immediately before and after the burglary. Four persons, namely, defendant, Harold Johnson, Seliva Bunch and Loretta Bunch all went to the victim's apartment. The two women waited outside, defendant and Johnson went upstairs to the victims apartment, defendant first, then Johnson moments later. Defendant was allowed entry to use the telephone. Moments later someone burst through the door. Defendant grabbed the victim, covered him with a quilt and beat him together with the other assailant. While Hackett was pleading for his life, the only conversation he heard between his attackers was in reference to where to search the apartment. Hackett's life savings and his revolver were stolen. Immediately following the attack, defendant and Johnson were seen exiting the apartment. All four persons then ran off while Hackett screamed for help.
Thus, given the above testimony we conclude there was sufficient evidence for the jury to infer the requisite specific intent necessary to convict defendant of aggravated burglary.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant asserts that his maximum sixty (60) year sentence as a second offender violates the constitutional prohibition against excessive punishment.
The penalty provisions of La.R.S. 14:60 and La.R.S. 15:529.1 state as follows:
La.R.S. 14:60:
* * * * * *
"Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."
La.R.S. 15:529.1:
* * * * * *
"(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; ..."
The Louisiana Constitution prohibits the imposition of excessive punishment. Art. 1, Sec. 20. The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Thomas, 447 So.2d 1053 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence which appears to be severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616 (La.1984); State v. Telsee, 425 So.2d 1251 (La.1983).
The trial judge must articulate reasons for an apparently severe sentence tailoring it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981). Code of Criminal Procedure Art. 894.1 sets forth criteria to *1270 be used by the trial court in its determination. The trial court need not articulate every circumstance cited, but it must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981). Not only the aggravating circumstances but the mitigating circumstances as well must be considered, State v. Franks, 373 So.2d 1307 (La.1979) and the court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La.1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and his past criminal history. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), affirmed on remand, 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
In his reasons for imposing the maximum sentence, the trial judge commented on defendant's four previous convictions two of which were for burglary; that the facts of the instant case merited a conviction for armed robbery (for which defendant could have received 198 years as a second offender); that this crime shocked the court's conscience; that the attack intruded into the victim's last bastion of safety, his home; the age of the victim; that the victim was a neighbor who helped defendant's family; that the victim lost his hearing in one ear; that the victim's life savings were taken; that defendant, a young man, joined forces to attack a frail old man; that he could find no mitigating factors; that defendant was a threat to the community; that defendant would commit other crimes during the term of any probation; that if defendant would commit this crime he would do anything to anyone; that defendant was in need of correctional treatment; that defendant must have considered that his conduct would cause serious harm; that there was no provocation; that the victim did not induce or facilitate the attack; that there was no way defendant could compensate the victim for the harm done; that any lesser sentence would deprecate the seriousness of the crime and that there would be no undue hardship on defendant's family due to his incarceration.
Thus, the trial court adequately considered the Article 894.1 guidelines in imposing this particular sentence for this particular defendant. State v. Guiden, supra. The Court's reasons clearly show its conclusion that defendant is one of the most egregious of offenders. State v. Brogdon, supra; State v. Quebedeaux, supra.
Although not unbridled, the trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
In reviewing the sentence, this Court must determine whether this sentence is too severe in light of the particular defendant and the circumstances of the particular crime. State v. Quebedeaux, supra; State v. Jones, supra.
Insofar as the length of the sentence our courts have denied a number of claims of excessive sentences by defendant's convicted of aggravated burglary.
In State v. Ellis, 482 So.2d 57 (La.App. 5th Cir.1986), the court affirmed a twenty-five (25) year sentence for aggravated burglary where the defendant whipped an old man with a crowbar.
In State v. Williams, 448 So.2d 659 (La. 1984), the Court affirmed a twenty-five (25) year sentence for aggravated burglary of the home of a sixty-one year old female where defendant struck the victim's guest who was awakened by the victim's screams.
In State v. Howard, 414 So.2d 1210 (La. 1982), the Court affirmed a fifty (50) year sentence for attempted aggravated rape and a thirty (30) year sentence for aggravated burglary where the defendant attempted to rape and burglarized an 86 year old *1271 victim. The Court found that though severe, the sentences were fully justified.
In State v. Day, 391 So.2d 1147 (La. 1980), the Court affirmed a forty-two and one-half (42½) year sentence given a 19 year old first offender for aggravated burglary and attempted simple rape of a 72 year old victim. The Court considered the senselessness and brutality of the crime against a relatively helpless victim.
In State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), writ den., 457 So.2d 1201 (La.1984), this Court affirmed a thirty (30) year sentence for aggravated burglary where a 23 year old first offender attempted to choke his victim and threatened the life of her baby.
In State v. Berry, 459 So.2d 49 (La.App. 2nd Cir.1984), the Court affirmed a sixty (60) year sentence for forcible rape and a fifty (50) year sentence for aggravated burglary where the defendant, a large man, attacked a helpless 67 year old victim with Parkinson's disease whom he knew and of whose condition he was aware.
In State v. Pringle, 459 So.2d 76 (La. App. 2nd Cir.1984), the Court affirmed a twenty-four (24) year sentence for a 16 year old defendant convicted of aggravated burglary where the crime involved the beating of an 83 year old victim.
Accordingly, we hold that defendant's assertion that his sixty (60) year sentence as a second offender is excessive in light of the circumstances and the evidence presented at the sentencing hearing is without merit.

ERRORS PATENT:
Having been adjudicated a second offender, defendant is ineligible for probation or suspension of his sentence pursuant to C.Cr.P. Art. 893(A). However, pursuant to the provisions of La.R.S. 15:574.4(A)(1), defendant is eligible for parole after having served one-half of his sentence.
Thus, the trial court erred in denying defendant a right to seek parole. State v. Bell, 492 So.2d 218 (La.App. 4th Cir.1986).
For the foregoing reasons, defendant's conviction is affirmed. His sentence is amended, however, to reflect his eligibility for parole after serving one-half of his sentence.
CONVICTION AFFIRMED. SENTENCE AMENDED.
PER CURIAM.
REHEARING DENIED.
La.R.S. 15:574.4 clearly provides that persons with three or more felony convictions, without regard to any adjudication under La.R.S. 15:529.1, are ineligible for parole. However, the sentencing judge did not have the authority to declare as part of defendant's sentence his ineligibility for parole.
Therefore, for clarification purposes, La. R.S. 15:574.4 is effective and operable as to defendant, but should not be made part of the sentence imposed by the trial court.