KLEES, Judge.
Defendant, Robert Vidrine was charged by bill of indictment with the second degree murder of his girlfriend, a violation of LSA-R.S. 14:30.1. After a judge trial, he was found guilty of manslaughter, a violation of LSA-R.S. 14:31 and sentenced to four (4) years at hard labor. From this conviction and sentence, defendant appeals. FACTS
On May 17,1985, defendant picked up his girlfriend, Toni Lafroscia, the victim, at their apartment and went to the Hook and Ladder Bar. During the course of the evening they had several drinks and also had an exchange of words. Defendant eventually left the bar without Ms. Lafroscia because she wanted to stay. Ms. Ricki Merchant, a friend of the couple, later gave the victim a ride home and then returned to her own apartment.
Shortly thereafter, defendant went to Ms. Merchant’s apartment and summoned help telling Ms. Merchant that, “Toni shot herself in the head. She’s dead.” They immediately returned to the apartment to find the police there. Defendant informed them that his girlfriend shot herself.
Officer Albert Spiess went in the apartment and found the victim’s body on the bed and a shotgun on the floor. He then read defendant his rights and placed him in the police car. At the homicide office, defendant voluntarily gave police a statement in which he said the victim was shot during a struggle over the weapon.
ASSIGNMENT OF ERROR
Defendant asserts the evidence was insufficient to support the judge’s verdict of manslaughter. Specifically, he asserts the state failed to produce evidence which proved beyond a reasonable doubt that he killed the victim while perpetrating an intentional misdemeanor.[1]
*474 Defendant’s conviction of manslaughter under R.S. 14:31(2)(a) was based upon a large degree of circumstantial evidence presented by the state. When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982); State v. Bunch, 510 So.2d 1266 (La.App. 4th Cir.1987).
However, when circumstantial evidence is used, the elements of the crime charged must be proven such that every reasonable hypothesis of innocence is excluded. LSA-R.S. 15:438 reads:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
R.S. 15:438 is not a separate test from Jackson, supra, but rather is an evidentia-ry guideline to “facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt.” Ultimately, all evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Porretto, 468 So.2d 1142 (1985); State v. Wright, 445 So.2d 1198 (La.1984); Bunch, supra.
In the instant case, direct and circumstantial evidence are in the record. The State presented Ms. Carol Blandino, a neighbor of the victim and defendant, who testified that on the night in question she heard the victim yell for someone to stop hitting her. However, she testified that she could not say the defendant was the male she heard. She further testified that she neither saw any activity nor witnessed a battery. The state also presented Mr. Steven Hymel, a man who previously resided with the defendant and the victim. Mr. Hymel testified that the victim said she did not want to leave the bar that night with the defendant because she was afraid he would beat her or shoot her. He also testified that the victim was high, very emotional and crying in the bar. When she left the bar with Ms. Merchant, she was inebriated. Ms. Blandino’s and Mr. Hymel’s statements were the only indications that the defendant committed an intentional misdemeanor upon the victim before she died. We conclude that this evidence was not enough to exclude every reasonable hypothesis of innocence.
The only direct evidence of this offense was provided by the defendant, himself. In his statement to the police, he acknowledged he and the victim argued, but he denied striking her or intentionally shooting her. He admitted that when he saw the victim with the gun, he grabbed it and in the process of taking it away, it went off while in his hands. Defendant testified at trial that he left the bar, went home and fell asleep on the sofa. The victim came in, several hours later, knocked a glass against a wall and began cursing and screaming. After approximately five to ten minutes of this, defendant returned to the sofa and the victim went into the bedroom. Defendant then looked up and saw her on the bed with the shotgun. He immediately ran to grab it. A struggle ensued and the gun went off.
The record is devoid of evidence which contradicts defendant’s testimony or his statement to police. Dr. Paul McGarry, the state’s forensic pathologist, testified the victim had only one small fresh bruise on her body which was located on the inside of her left ankle. He stated that it could have been bruised if she hit the inside of her leg with something. He further testified that *475 he saw no other bumps or marks on the victim’s body. The state failed to reproduce any evidence to confirm or refute the defendant’s theory that the gun was accidentally discharged. Detective Melvin Winnins, a homicide detective for the New Orleans Police Department testified that he was not certain whether any fingerprints were taken from the weapon or whether paraffin tests were taken of the victim or the defendant. Our function is not to reassess the credibility determinations of the trier of fact, but only to determine if the evidence offered was sufficient to support the conviction. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Harper, 480 So.2d 483 (La.App. 5th Cir.1985). The direct and circumstantial evidence in the instant case, when considered in the light most favorable to the prosecution, was not sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant committed manslaughter as defined by R.S. 14:31(2)(a). Thus, the state failed to prove the essential elements of the crime under the statute, particularly the perpetration or attempted perpetration of any felony or intentional misdemeanor.
For the foregoing reasons, the conviction and sentence of defendant, Robert H. Vid-rine, are reversed.
REVERSED.

. R.S. 14:31 defines manslaughter and reads in full:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood has actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
*474 (a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Article 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.