464 So.2d 451 (1985)
STATE of Louisiana
v.
Bobby WILLIAMS.
Nos. 84 KA 0876, 84 KA 0877.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*453 Ossie Brown, Dist. Atty. by Donald Wingerter, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnny Wellons, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Defendant, Bobby Williams, was charged by bill of information with the simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2.[1] After a trial by jury, defendant was convicted as charged. The state filed a petition to have defendant declared an habitual offender under the provisions of La.R.S. 15:529.1. Defendant stipulated to the bill of information charging him as a second felony offender.[2] He was subsequently sentenced to serve twelve years at hard labor, without the benefit of probation, parole or suspension of sentence. He has appealed his conviction and sentence, alleging five assignments of error. For the reasons expressed, defendant's conviction is affirmed. *454 However, the sentence imposed must be vacated, and the matter remanded for resentencing in accordance with this opinion.
Defendant was charged for the burglary of a residence on North 38th Street, in Baton Rouge, Louisiana. The Baton Rouge City Police were summoned by the residents of the dwelling, who showed the officers that a window had been pried off the side of the house, an entry made, and the home ransacked. One of the victims testified that, after the burglary, a list was made of items missing from the home. The list included two television sets, some silverware, a microwave oven, and jewelry.
Some of the items taken from the house were recovered and defendant was arrested as the result of information furnished by a witness, Charles Bonaventure, who testified that he was approached by one of his neighbors, whom he identified as John Henry, for the purpose of borrowing money against the merchandise. Bonaventure testified that he immediately recognized the items as having been stolen, and notified the police. A short time later he witnessed the arrest of Henry and his two companions, including defendant.
After his arrest, defendant made a voluntary statement in which he admitted participation in the burglary. The items recovered by the city police were dusted for fingerprints. At trial, defendant was fingerprinted. A latent print examiner of the Louisiana State Police, Carole E. Richard, then compared defendant's fingerprints with the latent prints which had been removed from the microwave oven, and testified that the latent prints matched the fingerprints taken from defendant.
Defendant testified at the hearing on the predicate to determine the admissibility of his written inculpatory statement, and denied that he had made the statement. Defendant further testified that on the morning of September 1, 1983, an acquaintance by the name of Jimmy arrived at defendant's residence and attempted to carry a microwave oven into the residence; and that the fingerprints of defendant appeared on the microwave oven when he helped Jimmy carry the microwave back to the car.

ASSIGNMENTS OF ERROR ONE, FOUR AND FIVE
In these assignments of error, defendant argues that the evidence does not support the conviction. In assignment of error number one, defendant alleges the jury erred in failing to require the state to prove beyond a reasonable doubt that defendant was in fact a principal in the simple burglary of an inhabited dwelling. In assignment of error number four, defendant argues the trial judge erred in refusing to reverse the jury conviction because the state failed to prove specific intent. In assignment of error number five, defendant argues the court erred in failing to overturn and reverse the conviction based on the failure of the state to prove simple burglary of an inhabited dwelling.
The applicable standard for reviewing sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983). The evidence presented herein is sufficient under this standard of review.
Defendant argues that the state failed to prove his participation as a principal in the burglary. The definition of "principal" is contained in La.R.S. 14:24, and provides as follows:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The offender need not personally enter the burglarized building in order to be guilty as a principal. State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir.1984).
*455 In his voluntary statement, introduced at trial, defendant admitted that he went with Jimmy to get "some stolen stuff." Jimmy went in and defendant stood outside and "put the stuff in the car...." By his own admission, defendant aided the commission of the crime by facilitating the removal of the items taken in the burglary. Although an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone, here that requirement has been satisfied. Therefore, a confession alone may be used to identify the accused as the perpetrator of the crime. State v. Celestine, 452 So.2d 676 (La.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984). The testimony of the victims clearly established that a burglary had been committed. Defendant's confession established his participation in the burglary. This assignment of error has no merit.
Defendant's argument that the state failed to prove specific intent and unauthorized entry are equally without merit. His intent to commit the crime may be inferred from the circumstances surrounding the transaction. La.R.S. 15:445. Defendant admitted that he helped load and attempt to sell the merchandise. He was apprehended at the time of the attempted sale, with the merchandise. His fingerprints were on the items stolen. The fact that the state did not prove that defendant made an unauthorized entry into the residence is irrelevant because proof that he personally entered the premises is immaterial to his conviction. See Holmes, 451 So.2d at 1178. The elements necessary to convict defendant were proven beyond a reasonable doubt.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant argues that the trial attorney was incompetent because she failed to file an answer to the state's motion for discovery in which a request for notice of alibi was made, thereby precluding him from presenting evidence of an alibi.[3] He asserts that he had several witnesses who could have testified as to his whereabouts at the time of the crime.
After the state had rested a hearing was conducted, out of the presence of the jury, to determine the admissibility of alibi evidence. At that time the state asserted that notice of alibi had been requested November 9, 1983, and defendant had responded January 25, 1984, stating that the names and addresses of alibi witnesses would be provided when received by the office of the public defender. The state argued that, since that information had never been provided, defendant could not present alibi evidence. La.C.Cr.P. art. 727. The defense counsel requested forebearance from the court, asserting that she had substituted for another attorney from the office of the public defender, and was not aware that the state had not been served with the information. Counsel requested that the court exercise the discretion accorded in La.C.Cr.P. art. 727(E) and permit the testimony. The court denied the request, and prohibited all references to a possible alibi made by a witness other than the defendant.
A claim of ineffective counsel is more properly raised by an application for post conviction relief (formerly by writ of habeas corpus) in the district court where a full evidentiary hearing may be conducted. La.C.Cr.P. art. 924 et seq.; State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.1984), writ denied, 457 So.2d 18 (La.1984); State v. Jones, 445 So.2d 26 (La.App. 4th Cir. 1984). Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest *456 of judicial economy. Bourgeois, 451 So.2d at 174.
The United States Supreme Court has recently established a two-part test for review of a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction [or death sentence]. In Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the court stated as follows:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Defendant alleges only that witnesses existed who could testify about defendant's whereabouts at the time of the crime. Neither in brief, nor in the answers to discovery filed in the trial court, has defendant ever alleged the substance to which those witnesses would testify, as required by La.C.Cr.P. art. 727(A). Defendant has not, therefore, demonstrated that trial counsel's errors were so serious as to deprive him of a fair trial, or that the results were unreliable; in fact, he has made no showing of prejudice.
Further, we note that the final determination on the admissibility of undisclosed alibi evidence is within the discretion of the trial court. La.C.Cr.P. art. 727(E). In determining that the alibi evidence was not admissible, the trial court must have found that defendant would not be prejudiced by the exclusion of the testimony. In refusing to allow the introduction of the evidence, the trial court rejected the defense argument that late disclosure of the alibi evidence was justified, pointing out that the state had filed its request for notice of alibi several months prior to trial. The trial court specifically noted that the failure to file the responses was "not any of [defense counsel's] personal doings," but noted that the state had a right to rely on the answers contained in the record. The record does not substantiate defendant's claim of ineffective counsel.[4]

ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, defendant argues that his confession should not have been admitted into evidence because the state failed to prove it was made freely and voluntarily. Additionally, defendant contends that the state did not prove that he actually made the written statement in which he confessed to his part in the burglary.
Defendant did not file a motion to suppress the confession prior to trial. During the proceedings, a hearing to determine the admissibility of the statement was conducted outside the presence of the jury. During the predicate, Corporal Michael J. Dickinson testified that he was present when defendant was advised of his rights, both orally and in written form, and that defendant signed the written form. He testified that defendant wrote the voluntary statement after Dickinson's riding partner filled in the necessary identification blanks at the top. Dickinson further testified that neither he nor Officer Thompson threatened or offered any promises, nor used force or violence against defendant to get him to waive his rights or give the statement. He also testified that defendant never requested an attorney.
*457 Detective Bart Thompson also testified on the predicate. He identified the notification of rights form, verified his own signature and initials, and stated that he advised defendant of his rights while transporting him to the detectives' office. Thompson testified that defendant did not seem unwilling to give a statement or answer questions, and did not request an attorney. He further asserted that no force or violence was used against defendant to get him to waive his rights or make a statement, nor were any promises or inducements offered to defendant.
Defendant also testified on the predicate, and stated that he did not remember writing the statement. On cross-examination, he stated that he did not make the statement. Defendant admitted that he had signed the notification of rights form, but testified that he had not waived those rights, and that he had made two voluntary statements that did not implicate himself which were destroyed. He testified that Thompson had not read his rights to him and that he had, in fact, requested an attorney, which request was refused.
The trial court found that the allegations that the confession was not voluntarily made were sufficiently rebutted, noting the direct conflict between the testimony of defendant and the officers. The court ruled the statement was admissible, although noting that defendant would be permitted to establish that the statement was not actually made.
In order for a confession to be admissible into evidence it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menace, threats, inducements or promises. La.R.S. 15:451. The state has the burden of affirmatively proving that the confession was free and voluntary, and must rebut specific testimony introduced by defendant concerning factual circumstances which indicate coercive measures or intimidation. State v. Haynie, 395 So.2d 669 (La.1981).
The admissibility of a confession is a question for the trial judge. His conclusions on credibility and the weight of the testimony regarding the voluntariness of a confession for admissibility purposes will not be overturned absent a clear abuse of discretion. See State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). The testimony of the officers rebutted the allegations of coercion made by defendant. The finding by the court that the statement was voluntary is not an abuse of his discretion.
Defendant also argues in brief that the statement should not have been admitted into evidence because the state did not establish the authenticity of defendant's signature on the statement. This issue relates to the determination of whether defendant actually made the statement, which lies within the province of the trier of fact. Evidence that defendant denied making the statement was presented to the jury by defendant's own testimony during the trial, in which he denied that he had made a statement, and asserted that the signature on the statement did not resemble his. The jury was permitted to examine both the confession and the notification of rights form, which defendant admitted signing, and obviously concluded that the signatures were the same and that defendant had made the statement. The jury obviously rejected defendant's testimony. In State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984) this court noted:
Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983). A determination of the weight of the evidence is a question of fact. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984); Korman, 439 So.2d at 1101. This court has no appellate jurisdiction to review questions of *458 fact in criminal cases. La. Const. of 1974, art. V, § 10(B).
This assignment of error lacks merit.

PATENT ERROR
The trial court specified that the sentence imposed was to be served without the benefit of probation, parole or suspension of sentence.
The Habitual Offender Law, La.R.S. 15:529.1, provides in pertinent part as follows:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than onethird the longest term and not more than twice the longest term prescribed for a first conviction; * * *
The maximum sentence for simple burglary of an inhabited dwelling is twelve years at hard labor. At least one year must be served without the benefit of probation, parole or suspension of sentence. La.R.S. 14:62.2.[5] The Louisiana Supreme Court, in State v. Conley, 411 So.2d 448 (La.1982) expressly determined that the ineligibility portion of this statute applied only to the minimum one year term. Thus, after adjudicating defendant an habitual offender, the trial court was required to impose a sentence of at least four years and could not impose more than twentyfour years. The Habitual Offender Law does not, however, have any requirement that any part of the sentence be imposed without probation, parole or suspension of sentence separate from the requirement by the statute under which the defendant is being sentenced. Consequently, imposing the full 12 years with ineligibility is a patently illegal sentence.
Having found that the sentence imposed herein is illegal, the original sentence must be vacated and the matter remanded for resentencing. This court has been legislatively authorized to correct an illegal sentence by La.C.Cr.P. art. 882, which provides as follows:
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
However, since the trial court has broad limits in the duration of the sentence that can be imposed in this matter, we do not know whether the same sentence would have been imposed absent the ineligibility requirements. Consequently, we remand for re-sentencing in accordance with this opinion.
CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RE-SENTENCE.
NOTES
[1] Simple burglary of an inhabited dwelling is a violation of La.R.S. 14:62.2. The bill cites the statute number as La.R.S. 14:62, which is simple burglary. Error in the [statutory] citation or its omission shall not be ground for dismissal of the indictment or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464. The record does not reflect that defendant was misled as to the offense with which he was charged. See State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), writ denied, 433 So.2d 711 (La.1983).
[2] Defendant never actually entered a plea to the bill of information charging him as a second felony offender. La.R.S. 15:529.1(D) reads as follows:

D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. (Emphasis added.)
Defendant herein stipulated that he had one conviction and was a candidate for habitual offender status. Since he did not deny the allegation, no plea was entered; however, the trial court found that he was an habitual offender.
[3] We note that the record does not contain a motion for discovery allegedly filed by the State. The record does reflect, however, an answer by the defendant to the State's "Motion for Discovery and Inspection." Paragraph III reads "Yes, names and addresses to be provided when received by this office."
[4] Defendant also moved for a new trial on this ground, which was denied. We do not have that transcript, but any doubts that defendant had not been effectively represented must have been satisfied at that hearing.
[5] La.R.S. 14:62.2 reads as follows:

Simple burglary of an inhabited home is the unauthorized entry of an inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.