GROVER L. COVINGTON, Chief Judge.
Defendants, Billy J. Sere and Jim Sere, father and son, respectively, were salesmen for Covington Mobile Homes, Inc. They were indicted by the grand jury for violation of La.R.S. 14:67 [1] in connection with numerous thefts of customer down payments. Defendants were tried in the same trial by jury. Billy J. Sere was convicted of seven counts of theft of five hundred dollars or more, and Jim Sere was convicted of two counts of theft of five hundred dollars or more. A third defendant, Winston Teeter, was convicted of three counts of theft of five hundred dollars or more, but he did not join in this appeal. The defendants herein and Teeter were represented by the same attorney. The charges against a fourth defendant were nolle prosequied after he made full restitution to the victims for their actual cash losses and agreed to testify against the other defendants. Defendants were sentenced[2] on June 4, 1984.
*496 Prior to sentencing, defendants made several very serious allegations of ineffective assistance of counsel and asked the trial judge for the opportunity to present evidence on the matter. This request was denied. Defendants were sentenced and now assign as error the trial judge’s denial of their request.
A claim of ineffective assistance of counsel is more properly raised by an application for post conviction relief (formerly, by writ of habeas corpus in the trial court) in district court where a full evidentiary hearing may be conducted. La.C.Cr.P. art. 924, et seq.; State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985). However, where the record discloses evidence needed to decide the issue and it was raised by assignment of error on appeal, the appellate court may address the matter in the *497 interest of judicial economy. State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.1984), writ denied 457 So.2d 18 (La.1984).
Since defendants specifically asked for the opportunity to lay a proper foundation for appellate review of the issue, the trial court should have allowed them to do so prior to sentencing. Therefore, we vacate the sentences and remand for eviden-tiary hearing where defendants are to be allowed to present evidence in support of their allegations of ineffective assistance of counsel.
If, after the hearing, the trial court finds no merit to defendants’ contentions and does not grant a new trial, defendants may seek review on appeal after resentencing.
SENTENCES VACATED. CASE REMANDED TO TRIAL COURT FOR EVI-DENTIARY HEARING AND OTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

. La.R.S. 14:67 provides in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or by representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

. Billy J. Sere was sentenced as follows:
Count I: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 5 years with the following special conditions:
1) that defendant pay $2,500.00 fine and costs of court within 48 months,
2) that defendant make restitution to Kendall Vincent in the amount of $150.00 within 48 months, and
*496 3) defendant serve 12 months in the parish jail.
Count II: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 5 years with the following conditions:
1) that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to George Bezue in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
Count III: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 3 years with the following special conditions:
1) that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to Paul Ernest in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
Count IV: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 3 years with the following special conditions:
1) that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to Judy Rice in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
Count V: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 5 years with the following special conditions:
1) that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to Steve Quave in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
Count VI: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 5 years with the following special conditions:
1)that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to Tammy Buffington in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
Count VII: 3 years at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 5 years with the following special conditions:
1) that defendant pay $2,500.00 fine within 48 months,
2) that defendant make restitution to Ron Walters, Jr. in the amount of $150.00 within 48 months, and
3) defendant serve 12 months in the parish jail.
The court further ordered that the sentences of incarceration were to run concurrently while the fines and restitution were to run consecutively.
Jim Sere was sentenced as follows:
Count V: 12 months at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 3 years with the following special conditions:
1) that defendant pay a fine of $2500.00 and costs of court within 30 months,
2) that defendant make restitution to Steve Quave of $150.00 within 30 months, and
3) that defendant perform 15 days of community service work of a nature and at a time and place to be designated by the probation officer.
Count VII: 12 months at hard labor with Department of Corrections. Sentence suspended and defendant placed on probation for 3 years with the following special conditions:
1) that defendant pay a fine of $2500.00 within 30 months,
2) that defendant make restitution to Ron Walters, Jr. of $150.00 within 30 months, and
3) that defendant perform 15 days of community service work of a nature and at a time and place to be designated by the probation officer.
The court further ordered that the jail sentences as well as the public service work were to run concurrently while the fines and restitution were to run consecutively.