KLEES, Judge.
The defendant, John Burgess, was charged by bill of information on November 8, 1984 with attempt simple burglary, a violation of R.S. 14:27 and 14:62. The defendant pled not guilty at his arraignment on November 13, 1984. On January 8, 1985, the defendant was found guilty as charged by a unanimous vote of the six-person jury. On January 31, 1985, the State filed a multiple bill. The defendant, pro-se, and his attorney filed motions for a new trial which were denied by the trial court on March 7, 1985. On March 15, 1985, the defendant was found to be a second offender and was sentenced to twelve years at hard labor without benefit of parole under R.S. 15:574.4 and no “good time” under R.S. 15:571.3.
FACTS
On October 9, 1984, at approximately 4:55 a.m., Sergeant Emmett Dupas was patrolling the area of Port Street and St. Claude and saw the defendant walking on Urquhart Street. When the defendant saw the police car he began running on Urquhart Street toward Franklin Avenue. Mr. Burgess discarded items from his hand as *126 he was running. They made a metallic sound as they hit the concrete sidewalk. The officer apprehended Mr. Burgess and found a glove, screwdriver, screw and knife in his pockets.
Officer Henry Geringer arrived on the scene shortly thereafter and found a crowbar, two pry bars and a glove on the sidewalk in the 2700 block of Urquhart Street where Sergeant Dupas saw the defendant discard the objects. The glove found on the sidewalk matched the glove found in the defendant’s possession. Officer Ger-inger also discovered that the iron door of Trel’s Playhouse, 1301 Franklin Avenue, had been pried open. The bell for the alarm system had also been removed. The screw found on the defendant matched the screws removed from the alarm system. Also, the pry bar found on the sidewalk matched the impression made in the door’s wood frame when the iron gate had been pried open.
Mr. Joseph Young operates Trel’s Playhouse and testified that he secured the premises between 3:00 a.m. and 4:00 a.m. that morning and did not give the defendant permission to enter the establishment.

Assignment of Error

By the defendant’s only assignment of error, he contends that the trial court erred in providing that the defendant’s sentence must be served without benefit of probation, parole or suspension of sentence.
The trial judge relied on R.S. 15:574.4 in denying the defendant’s eligibility for parole. That statute reads in pertinent part: “A person convicted of a third or subsequent felony and committed to the Department of Corrections shall not be eligible for parole.” Here, Mr. Burgess was found to have at least two prior convictions and was committed to the Department of Corrections. Accordingly, the trial judge correctly denied him parole eligibility.
The trial court also denied Mr. Burgess “good time” under the provisions of R.S. 15:571.3. Subsection “C” of this statute provides:
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(l) The inmate has been convicted once or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(,l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) A violation of Chapter 9 of the Title 40 of the Louisiana Revised Statues of 1950 which is a felony.
(q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
Here, Mr. Burgess was convicted of attempt simple burglary; was sentenced as an habitual offender under R.S. 15:529.1; *127 and, the last, conviction was committed after September 10, 1977. Accordingly, the trial judge correctly denied the defendant’s eligibility for dimunition of sentence for “good time”. Also, the defendant is not eligible for a suspended sentence because this is not the defendant’s first conviction. C.Cr.P. art. 893.
Although the defendant’s argument relies on R.S. 15:529.1, the trial court based its sentence on R.S. 15:571.3, R.S. 15:574.4 and C.Cr.P. art. 893. There does not appear to be any error in this sentence.
This assignment is without merit.
Accordingly for the reasons discussed above, the conviction and sentence of defendant are hereby affirmed.
AFFIRMED.