WILLIAMS, Judge.
Defendant, Walter Bell, was convicted of attempted simple burglary. (La.R.S. 14:27; 14:62.)[1] An officer on routine patrol spot *219 ted defendant lying down on the passenger seat of a vehicle in the 2200 block of Decatur Street and when the officer approached the vehicle, defendant fled. Defendant was later apprehended by another police officer, but he was able to escape. Eventually, defendant was apprehended on the basis of the information gained by the police through identification contained in defendant’s wallet that had been seized in the initial detention.
The owner of the vehicle in which defendant was spotted testified at the trial that defendant had gained entry to her vehicle by means of breaking a window. She also stated that the knobs to her radio had been removed.
Defendant was adjudicated to be a multiple offender and was sentenced to serve twelve (12) years at hard labor without benefit of parole, probation or suspension of sentence. The trial judge also imposed an additional sentence of six (6) months finding defendant in direct contempt of court during the sentencing period — the contempt sentence to run consecutively with the original sentence. It is from these sentences that defendant now appeals urging two assignments of error.
ASSIGNMENT OF ERROR 1
By this assignment of error, defendant claims the trial judge erred in imposing a sentence without benefit of parole, probation or suspension of sentence.
The 12 year sentence imposed was within the acceptable range of the trial judge’s discretion. La.R.S. 14:62, 14:27. Furthermore, as a second offender, defendant was ineligible for a suspended sentence and probation. La.C.Cr.P. art. 893(A). The trial judge improperly used the language denying defendant the benefit of parole, probation or suspension of sentence as it was not within his authority to do so. Therefore we vacate this portion of defendant’s sentence. The remainder of his sentence is affirmed.
ASSIGNMENT OF ERROR 2
By this assignment, defendant contends that he was denied an opportunity to be heard before the trial court found him to be in direct contempt of court.
During the sentencing phase of the Multiple Bill hearing, defendant repeatedly interrupted the trial judge with outbursts proclaiming his innocence. At one point the trial judge had to order defendant to stand still and remain silent. Pleas by defendant’s attorney for him to remain silent during sentencing were likewise ignored. Ultimately, defendant became violent leading to his shoving of a court deputy. These were ample grounds for the trial court to find defendant in direct contempt under La.C.Cr.P. Article 21, (5) and (6), which provide:
A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge; or, a contumacious failure to comply with a subpoena, summons or order to appear in court, proof of service of which appears of record; or, a contumacious failure to comply with an order sequestering a witness.
A direct contempt includes, but is not limited to, any of the following acts:
******
*220 (5) Contumacious, insolent, or disorderly behavior toward the judge or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority;
(6) Breach of the peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority;
What defendant objects to is that the trial court did not expressly provide defendant the opportunity to offer a defense or mitigating reasons for his behavior before imposing the six month sentence. La.C.Cr.P. art. 22, the procedure for punishing direct contempt, provides:
A person who has committed a direct contempt of court may be found guilty and punished therefor by the court without any trial, after affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed.
Article 22 envisions a confrontation between the judge and the party he has held in contempt. Kidd v. Caldwell, 371 So.2d 247 (La.1979), rehearing on other grounds, 371 So.2d 254 (La.1979). Furthermore, it is clear that the provision in Article 22 “affording him [defendant] an opportunity to be heard orally by way of defense or mitigation” is to satisfy due process requirements for the reason that a contempt order and sentence may be issued without the necessity of a full blown trial. If a defendant does exercise his right to be heard in the presence of the trial judge, it cannot be reversible error simply because the trial judge may have failed to make an express declaration to the defendant that he has this right.
With regard to defendant in the instant case, we find that the action taken by the trial judge in imposing a direct contempt sentence was made in accordance with the requirements set forth in Article 22 and the six month sentence correct. Defendant was present in the courtroom and had every opportunity to be heard by way of defense or mitigation (though rendered somewhat ineffective by reason of his behavior). The trial judge granted defendant his right to be heard, though it was not expressly stated; defendant simply abused it.
This assignment lacks merit.
For the foregoing reasons, that portion of defendant’s sentence denying him the opportunity to seek parole is vacated. The remainder of the sentence is affirmed. The contempt sentence is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.

. La.R.S. 14:62 Simple burglary
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or *219 other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
La.R.S. 14:27 Attempt
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
******
D. Whoever attempts to commit any crime shall be punished as follows:
******
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.