GULOTTA, Chief Judge.
James Murray was convicted of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2, and after having been multiple billed was sentenced to twenty-four years. In two assignments of error, defendant contends 1) the trial judge erred by allowing into evidence testimony of other crimes, and 2) the evidence was insufficient to support his conviction. We affirm.
*566 At 7:30 a.m. on July 19, 1981, Tyrone Davis, the victim, returned to his residence at 922 N. Dorgenois Street and found that his door had been broken into and that his television and stereo component set were missing. Three days later, Davis learned that a government check for $245.00 from the IRS was also missing.
Earl Mickens, the victim’s neighbor, testified he was awakened at 4 a.m. on July 19, 1981, by Murray’s roommate, Debra Mayhue[1] (Debbie), who indicated she was looking for Davis. After Debbie left, Mick-ens observed her standing in the hallway, while defendant carried what appeared to be a speaker from the direction of the Davis residence. This witness further testified that “sometime later”, defendant and Debbie left with Joe Williams, a neighbor.
Joseph Williams, the neighbor, testified that Debbie had awakened him “at about four o’clock ..., 4:30”, and told him that she was moving and that she wanted him to drive her uptown. According to Williams, Debbie and defendant carried some items to his car and he drove them to the 1500 block of Carondelet Street. There they brought some “stuff” into a house and then returned with him to the North Dorgenois address.
Ronald Brady, an investigating officer in this case, testified that he had seized an eight track stereo tape deck (later identified as the victim’s property) from the Murray and Mayhue residence.
Tyrone Davis stated that he had found a friend named Debbie waiting for him on his front porch on the morning of the burglary. The witness further indicated that he had not given anyone permission to enter his apartment. Davis also indicated that he had never loaned or given Debbie anything, other than money, and that he had given neither Debbie nor the defendant permission to take anything out of his apartment.
EVIDENCE OF OTHER CRIMES
Before turning to defendant’s assignments of error, we have reviewed the record for errors patent and have found none.
In connection with defendant’s first assignment of error, Murray claims that the trial judge erred by allowing into evidence testimony concerning defendant’s involvement with the victim’s missing government check. According to defendant, because the testimony is evidence of the commission of another crime (i.e. forgery), it is prejudicial and grounds for reversal. We disagree.
Officer Brady testified that during his investigation he had interviewed Lorraine Gillaune, the “manager of check cashing” at the Circle Food Store where the victim’s check was cashed. Brady identified a photostatic copy of the victim’s missing check and testified that he had obtained the check from the bank that handled all transactions for the Circle Food Store. Gillaune identified defendant and testified that on July 20, 1981, he had insisted that the check belonged to the victim. According to the witness, she wrote “Marriot Hotel” on the check as defendant’s place of employment.
Considering that a check was one of the items taken in the burglary of the victim’s residence, we conclude that the evidence is relevant to the burglary charge. Reference to this incident was not offered as evidence of the commission of another offense. Furthermore, if permitting the introduction of the evidence were indeed error, that error was harmless when considered in light of the other overwhelming evidence tending to establish defendant’s guilt.
This assignment is without merit.
SUFFICIENCY OF EVIDENCE
Defendant further contends that the evidence is insufficient to support his conviction of simple burglary of an inhabited dwelling. We disagree.
To support a conviction for this offense, the State must prove that the defendant entered the dwelling without authorization and with an intent to commit a felony or any theft therein. LSA-R.S. 14:62.2. The perpetrator’s intent to commit the crime may be inferred from circumstances sur *567 rounding the occurrence. LSA-R.S. 15:445, State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985).
On reviewing the sufficiency of evidence to support a conviction, courts examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the State has proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, LSA-R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded. This statutory rule is not a separate test from the Jackson standard and does not establish a stricter standard of review in circumstantial evidence cases. Therefore, all the evidence, both direct and circumstantial, must be sufficient under the Jackson standard to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984).
Considering the testimony presented, we conclude that both the circumstantial and direct evidence were sufficient to establish the defendant’s guilt.
This assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.

. Debra Mayhue was also indicted with James Murray for the burglary of the Davis residence.