YELVERTON, Judge.
Defendant, Huey Denton Dockens, was convicted of manslaughter, a violation of La.R.S. 14:31, and sentenced to five years at hard labor. He appeals his conviction *241 based on three assignments of error, and he assigns two errors in sentencing. FACTS
On August 16, 1986, defendant and the victim, Charles Bennie Rivers, went to a bar in Zwolle, Louisiana, to play pool. They were joined by Rivers’ wife and her two companions. After they drank beer for about an hour they went home. Dock-ens lived in the same house with Rivers and his wife.
Shortly after they got home, Dockens and Rivers started fighting when Dockens ordered one of the guests to leave the house. A few punches were thrown and the two combatants were separated. Dock-ens emerged with a cut lip and a black eye.
At this point, Rivers and his wife (who was defendant’s sister) began fighting. Dockens went upstairs, where he armed himself with a loaded .22 caliber pistol, and then he went downstairs and outside the house and waited. Rivers told his wife he wanted to leave, and he went outside and started walking toward a pickup truck parked there. Dockens pulled out his gun and shot Rivers repeatedly. Rivers died on the scene.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments, defendant maintains that the trial court erred by denying his motion for a new trial. As his first ground supporting the motion for a new trial, defendant complained of irregularities in the selection of a trial juror.
During voir dire examination, this juror, Graee Sepulvado, was asked if she was related to anyone involved in the case. She responded that she was not. She was accepted on the jury. Defendant asserted in his motion for new trial that Ms. Sepul-vado was in fact related to the victim, Bennie Rivers. At the hearing on the motion for new trial the victim’s wife, Karen, testified that her husband often referred to Ms. Sepulvado as “Aunt Grade”. Ms. Sep-ulvado also testified at this hearing and unequivocally stated that she was not related to the victim.
La.C.Cr.P. art. 851 provides:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.”
In this instance, defendant was not able to establish that Ms. Sepulvado was actually related to the victim or that defendant was prejudiced in any way. That ground in the motion for new trial has no merit.
Secondly, defendant argues that his motion for a new trial should have been granted because the State failed to prove that he did not act in self-defense and that the evidence was insufficient to support a conviction of manslaughter. In a motion for new trial, the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review for sufficiency of the evidence is applicable. State v. Chapman, 438 So.2d 1319 (La.App. 3rd Cir.1983). The crime of manslaughter is set forth in La.R.S. 14:31 which reads:
“Manslaughter is:
“(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or ...”
The State presented the following evidence: Defendant had just engaged in a fist fight with the victim. Defendant heard the victim and his sister arguing loudly. Defendant armed himself with a loaded gun, and went outside and waited. When the victim began to walk toward him, defendant fired several shots at close range, killing the victim. Self-defense was raised, and the trial judge gave the jury the proper instruction that the State had the burden of proving beyond a reasonable doubt that the homicide was not committed in self-de *242 fense. This issue is reviewable under the Jackson v. Virginia standard. State v. Jackson, 452 So.2d 1225 (La.App., 2d Cir. 1984). After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and could have found beyond a reasonable doubt that the homicide was not committed in self-defense. These assignments lack merit.
ASSIGNMENT OF ERROR NO. 3
Defendant asserts that he had ineffective assistance of counsel at trial. He bases his claim on a number of suggested examples of failure to object to improper questions, prejudicial argument, and improper “reputational” evidence. He also finds fault with trial counsel’s direct examination of defendant.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985). The specific allegations of ineffectiveness that defendant seeks to assert by this assignment of error might well have been simply a trial attorney’s strategy, matters which cannot be evaluated from a review of the record.
This assignment has no merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends that the trial court erred by failing to follow the sentencing guidelines and by imposing an excessive sentence. He asserts that the trial judge did not give the proper weight to the mitigating factors in defendant’s case.
A presentence investigation was ordered, and the record shows that the report of that investigation was carefully studied by the trial judge. The transcript of the sentencing hearing reflects that the trial judge considered all aggravating and mitigating circumstances when sentencing defendant.
The trial judge adequately considered the guidelines of La.C.Cr.P. art. 894.1 when particularizing the sentence to the defendant. The sentencing judge must adequately consider the defendant’s personal history, any prior criminal record, the seriousness of the offense and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983). The record reflects the trial judge considered all these factors and complied with Article 894.1.
Defendant also argues that the sentence is excessive. A sentence has been held to be constitutionally excessive when the penalty is so disproportionate to the crime as to shock the sense of justice, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Pyron, 438 So.2d 1183 (La.App. 3rd Cir.1983).
In this case a homicide was committed. The maximum sentence for manslaughter is 21 years. La.R.S. 14:31. Defendant’s sentence of only five years of imprisonment was on the low side of the statutory range. It is not excessive. The assignments having to do with sentencing are without merit.
The conviction and sentence are affirmed.
AFFIRMED.