GULOTTA, Chief Judge.
Kirk Shaffer was convicted of pandering, LSA-R.S. 14:84, and was sentenced as a second offender to ten years at hard labor with no parole or good time eligibility. In two assignments of error, he contends 1) that the evidence was insufficient to support his conviction, and 2) that his attorney had a conflict of interest in representing him. We affirm.
ERROR PATENT
At the outset, we notice a sentencing error patent in the record. Because defendant was sentenced as a second offender, he is eligible for parole consideration upon serving one-half of the sentence imposed.[1] The trial judge, however, denied defendant eligibility for parole for the entirety of his sentence.
First, a question arises whether the trial judge may deny parole eligibility when imposing sentence or whether the provisions of R.S. 15:574.4(A)(1) are merely guidelines *100 to be employed by the Department of Corrections. In State v. Burgess, 482 So.2d 125 (La.App. 4th Cir.1986) this court held that where a defendant had prior convictions and was sentenced to the Department of Corrections, the trial judge could properly deny parole eligibility. However, in State v. Bell, 492 So.2d 218 (La.App. 4th Cir.1986), we reached a different result. In Bell, we concluded that the trial judge did not have the authority to prohibit parole when imposing sentence and we vacated that portion of the defendant's sentence which prohibited parole. See also State v. Bunch, 510 So.2d 1266 (La.App. 4th Cir. 1987) in a denial of rehearing per curiam. Thereafter, however, this court in State v. Perkins, 514 So.2d 585 (La.App. 4th Cir. 1987) and State v. Walter, 514 So.2d 620 (La.App. 4th Cir.1987) reached conclusions consistent with State v. Burgess, supra.
Our consideration of the rationale in the cited cases leads us to conclude that the trial judge is clothed with the authority to impose a sentence prohibiting parole eligibility when this prohibition is appropriate.
Nonetheless, while we conclude the trial judge may deny parole eligibility, in the instant case he erroneously imposed the prohibition for the sentence in its entirety. Consistent with LSA-R.S. 15:574.4(A)(1), this second offender cannot be prohibited from eligibility for parole consideration after serving one-half of the sentence imposed. Accordingly, defendant is entitled to an amendment of the sentence consistent with the conclusions reached herein.
CONFLICT OF INTEREST
Turning now to defendant’s assignments of error, we consider them in reverse order. In his second assignment of error, defendant contends that his conviction should be reversed because his attorney had an alleged conflict of interest in representing him. According to Shaffer, his attorney in the instant case had also represented Shaffer’s co-defendant in an unrelated matter in Jefferson Parish involving possession of a stolen gun.
A review of the record reveals that defendant did not raise the alleged conflict of interest issue until his multiple bill hearing. Because the issue was raised for the first time after trial, the defendant must demonstrate “an actual conflict of interest adversely affecting his lawyer’s performance”. State v. Kahey, 436 So.2d 475 (La. 1983). Under Kahey, an actual conflict of interest is established only when the defendant proves that his attorney was placed in a situation that was inherently conducive to divided loyalties.
In the instant case, defendant has made no showing that his attorney’s representation of Shaffer’s co-defendant in a separate case in another parish was related to the instant case or that his attorney was placed in a situation conducive to divided loyalties. Accordingly, we conclude that defendant has no basis upon which to allege a conflict of interest.
This assignment of error is without merit.
SUFFICIENCY OF EVIDENCE
The more serious contention raised by defendant concerns the sufficiency of evidence. Shaffer contends that in pandering cases the state must show that the defendant was promoting prostitution. He argues that the circumstantial evidence in the instant case was insufficient to prove this necessary element of the offense.
Eric Dubelier, an assistant district attorney, testified that from June, 1986 to November, 1986, the New Orleans District Attorney’s office and the NOPD vice squad, in conjunction with the federal drug enforcement administration, had set up an undercover operation through a business known as “A Touch Of Class Escort Service”. The owner of this business had been apprehended earlier and had become an informant, under the supervision of the District Attorney’s office.
Dubelier stated that he was manning the telephone at the escort service on November 13, 1986, and that he had received several calls from both the defendant and his wife Bobby, telling him that they were *101 short of cash and asking if there were any “dates” for Bobby. Dubelier further testified that Bobby had been working as a prostitute for the escort service for the past several months, and the normal routine would be for defendant or Bobby to call and ask “whether we had dates or the service had dates to send them on”. After undercover vice officers were planted at the Monteleone Hotel, Dubelier told Bobby that the escort service had a date for her at that hotel.
Undercover vice officer Edward Messina testified that on November 13, 1986, he obtained a room at the Monteleone, called the escort service at 10:35 p.m., and instructed them to have Bobby call him in a few minutes. Bobby called a few minutes later and stated that she would be over in half an hour. Upon arrival, Bobby told him that she charged $150.00 per hour plus $60.00 for the escort service. After Messi-na gave Bobby $210.00, she called the escort service and then her “taxi cab” at 529-0571 to tell that party that she had a one-half hour appointment. Bobby and Messina then undressed and got into bed. After Bobby had attempted to perform oral sex upon him, Messina arrested her. In a search incident to the arrest, Messina found the $210.00 he had earlier given her, two knives, some condoms, and a credit card printer.
Evidence was further offered by the State concerning Shaffer’s actions following Bobby’s arrest. According to Dubelier, on several prior occasions Shaffer had driven Bobby to her dates “and would take care of her and watch out for her and make sure she didn’t get hurt.” Dubelier testified that after Bobby went to the Montel-eone on the evening in question Shaffer called the escort service to inquire about her and indicated his concern that her “time was up” and she had not yet returned from the hotel room. After Dubelier told Shaffer that he had called the room and had received no answer, Shaffer stated that he was going to the room to get her. Dubelier thereafter called Officer Messina to advise him to expect Shaffer. According to Messina, within two or three minutes after Dubelier’s call and about thirty minutes after Bobby’s arrest, defendant arrived at the hotel room and was arrested for pandering. A search of Shaffer revealed a beeper with the number 529-0571 (the same number dialed earlier by Bobby ostensibly as her “taxi cab”) and a notebook containing a record of numerous appointments.
To support a conviction for pandering under LSA-R.S. 14:84(1) or (6), the State must prove that the accused enticed, placed, persuaded, encouraged or caused another person to enter into the practice of prostitution either by force, threats, promises, or any other device or scheme, or transported a person from one place to another for the purpose of promoting the practice of prostitution. The perpetrator’s intent to commit the crime may be inferred from circumstances surrounding the occurrence. LSA-R.S. 15:445; State v. Williams, 464 So.2d 451 (La.App. 1st Cir. 1985).
Upon reviewing the record for sufficiency of evidence to support a conviction, courts must examine the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found that the State has proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, LSA-R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded. This statutory rule is not a separate test from the Jackson standard and does not establish a stricter standard of review in circumstantial evidence cases. Therefore, all the evidence both direct and circumstantial must be sufficient under the Jackson standard to satisfy a rational juror that defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984).
Considering the evidence in the instant case, we conclude that the State carried the burden of showing the defendant’s guilt. Shaffer called the escort service to inquire if there was a “date” for Bobby, *102 talked to her by beeper during the one-half hour encounter with the undercover agent, acted as her “taxi” or means of transportation to promote her practice of prostitution, and carried a notebook containing records consistent with a prostitution operation. This evidence clearly establishes the essential elements of pandering beyond a reasonable doubt and excludes every reasonable hypothesis that defendant was engaged in legitimate activity.
This assignment of error is without merit.
DECREE
Accordingly, we affirm defendant’s conviction for pandering. We further affirm defendant’s ten year sentence of imprisonment at hard labor without good time, but amend to provide that the first half of the sentence shall be served without benefit of parole.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.

. LSA-R.S. 15:574.4(A)(1) provides:
A.(l) A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Public Safety and Corrections shall be eligible for parole consideration upon serving one-third of the sentence imposed; upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed. A person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole.