Dear Mr. Kline:
Your request for an Attorney General Opinion was forwarded to me for research and reply. You asked the following questions:
 1. Is R.S. 15:571.3 (C) interpreted to preclude an inmate from earning good time if the requirements of both La. R.S. 15:571.3
(C)(1) and (C)(2) are met and the last conviction occurred for a crime committed during the time periods listed in La. R.S. 15:571.3 (C)(3)?
 2. Can either the instant conviction or a prior conviction of one of the enumerated crimes listed in La. R.S. 15:571.3 (C)(1) (a) — (r) fulfill the requirement of (C)(1)?
 3. Is the requirement under La. R.S. 15:571.3 (C) (2) fulfilled when the inmate is sentenced on the instant conviction as an habitual offender under R.S. 15:529.1?
R.S. 15:571.3 (C) states:
 Diminution of sentence shall not be allowed an inmate in custody of the Department of Corrections if:
 (1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
 (m) A violation of R.S. 14:67
which is a felony.
 (n) A violation of R.S. 14:95
which is a felony.
 (o) A violation of R.S. 14:95.1
which is a felony.
 (p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
 (q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
 (r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
 (2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
 (3) The inmate's last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
In response to your first question, the requirements of all three subsections of R.S. 15:571.3 (C) must be present in order to deny an inmate an opportunity to earn good time. Subsections (C)(1) and (C)(2) both end with the word "and." The words of a law must be given their generally prevailing meaning. La. C.C. Art. 11. "And" generally means `together with' or `along with.' Thus, it is clear that all of the subsection requirements must be satisfied in order to deny an inmate the opportunity to earn good time. See State ex rel Bickman v. Dees, 367 So.2d 283 (La. 1978), Jackson v. Phelps, 506 So.2d 515 (La.App. 1 Cir. 1987) and State v. Mosby, 581 So.2d 1060 (La.App. 1 Cir. 1991),595 So.2d 1135 (La. 1992).
In order for the requirement of La. R.S. 15:571.3 (C)(3)(a) to be met, the crime must have been committed during the stated time periods and the sentence of the court must specifically deny the defendant eligibility for diminution of the sentence, whereas (C)(3)(b) only requires that the crime must have been committed during the stated time period.
In response to your second question of whether either the instant conviction or a prior conviction of one of the crimes enumerated in La. R.S. 15:571.3 (C)(1) (a) — (r) may be used to fulfill the requirement of (C)(1), the statute itself does not specify whether the instant conviction or the prior conviction is to be used for this purpose. It merely states that "if [t]he inmate has been convicted one or more times . . . of any one or more of the following crimes . . . ."
In both Jackson v. Phelps, supra, and State v. Burgess,482 So.2d 125 (La.App. 4 Cir. 1986), the instant conviction of one of the La. R.S. 15:571.3 (C)(1) (a) — (r) enumerated crimes was used to fulfill the (C)(1) requirement. However, in both State v. Jefferson, 511 So.2d 794 (La.App. 4 Cir. 1987) and State v. Melancon, 536 So.2d 430 (La.App. 4 Cir. 1988), a prior conviction was used to fulfill this requirement.
The court in Melancon, supra, specifically referred to La. R.S. 15:571.3 (C), stating that the defendant's "prior conviction is for armed robbery, fulfilling the requirements of subpart (1)." Thus a prior conviction, as well as the instant conviction, can be used to fulfill the requirement in La. R.S.15:571.3 (C)(1).
In response to your third question, as to whether the La. R.S. 15:571.3 (C)(2) requirement is fulfilled when the inmate has been sentenced in the instant conviction as an habitual offender under La. R.S. 15:529.1, the answer is that this seems to be the prevailing practice. In both Jackson v. Phelps, supra, and State v. Burgess, supra, the court considered the (C)(2) requirement fulfilled when the defendant was sentenced on the instant conviction as an habitual offender under R.S.15:529.1.
In conclusion and in summary, it is the opinion of this office that an inmate is precluded by R.S. 15:571.3 (C) from earning good time if the requirements of R.S. 15:571.3 (C)(1) and (C)(2) are met and the last conviction, for the purpose of the Habitual Offender Law, was committed during the stated time periods in R.S. 15:571.3 (C)(3)(a) or (b). In addition, for the (C)(3)(a) requirement to be met, the crime not only must have been committed during the stated time periods, but the sentence of the court must also specifically deny the defendant eligibility for diminution of the sentence. If the instant conviction or a prior conviction is for one of the enumerated crimes listed in La. R.S. 15:571.3 (C)(1) (a) — (r), either conviction may be used to fulfill the requirement of (C)(1). If the inmate has been sentenced on the instant conviction as an habitual offender under R.S. 15:529.1, the R.S. 15:571.3 (C)(2) requirement will be fulfilled.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: TIMOTHY M. SCREEN Assistant Attorney General
TMS/sff #0151a